914 A.2d 830

IN THE MATTER OF PATRICK W. GEARY, AN ATTORNEY
AT LAW (ATTORNEY NO. 027201997).

January 12, 2007.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–186, concluding that **PATRICK W. GEARY** of **CHERRY HILL**, who was admitted to the bar of this State in 1997, should be suspended from the practice of law for a period of two years for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.3(lack of diligence), *RPC* 1.4(a)(failure to keep clients reasonably informed about the status of matters or to comply with reasonable requests for information), and *RPC* 8.4(c) (misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law and that on reinstatement he should be required to practice under supervision;

And good cause appearing;

It is ORDERED that **PATRICK W. GEARY** is suspended from the practice of law for a period of two years and until the

further Order of the Court, effective February 7, 2007; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20, dealing with suspended attorneys, and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.